IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02726-PAB-NRN

JESSICA MURPHY, on her own behalf and as Administratix of deceased Estate of Abel Yohannes,

    Plaintiff,

v.

CITY OF AURORA,
BRADLEY JESIK, in his individual capacity as a City of Aurora Police Department Police Officer,
ERIC DUNSTON, in his individual capacity as a City of Aurora Police Department Police Officer, and
GARRETT STRODE, in his individual capacity as a City of Aurora Police Department Police Officer,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff's Objection to Magistrate Judge's Order Denying Motion to Amend Scheduling Order [Docket No. 63].

### I. BACKGROUND

Jessica Murphy, on her own behalf and as Administratix of the Estate of Abel Yohannes, filed this action on October 1, 2024.  Docket No. 1.  Plaintiff's claims arise out of the October 1, 2022 fatal police shooting of Abel Yohannes.  Docket No. 36 at 1-2.  Plaintiff brings claims under 42 U.S.C. § 1983 for wrongful death through excessive use of force, failure to train, and engaging in willful and wanton conduct that resulted in wrongful death.  *Id.* at 20-31.

The original scheduling order in this case was issued on February 4, 2025. Docket No. 32. It set an affirmative expert disclosure deadline of August 4, 2025 and a rebuttal expert disclosure deadline of September 8, 2025. *Id.* at 8. On July 1, 2025, the parties filed a status report stating that they "remain committed to completing discovery in a timely and cooperative manner and will notify the Court should any issues arise that warrant judicial intervention." Docket No. 47 at 2. On August 4, 2025, plaintiff filed an unopposed motion for an extension of time to file her affirmative expert disclosure by August 18, 2025. Docket No. 48. Plaintiff did not provide any reason for the extension, but Magistrate Judge N. Reid Neureiter nevertheless granted it because it was unopposed. Docket No. 50; *see also* Docket No. 62 at 2. Plaintiff did not disclose any expert reports on August 18, 2025. On September 15, 2025, plaintiff filed a motion to amend the scheduling order, proposing to extend the expert disclosure deadline to October 9, 2025. Docket No. 57 at 5. Judge Neureiter denied the motion. Docket No. 62. He found that plaintiff did not demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil Procedure 16(b). *Id.* at 4-5. Plaintiff timely objected to Judge Neureiter's order on October 23, 2025. Docket No. 63. On November 5, 2025, defendants filed a response. Docket No. 64.

## II. LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the district court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the

entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, alterations, and citations omitted). No party argues that Judge Neureiter's order is dispositive, and the Court does not find it to be. Thus, the Court will review the order under the clearly erroneous standard.

### III. ANALYSIS

Plaintiff argues that Judge Neureiter's "reasoning is flawed" because "a great deal of weight was placed on the speculative incurable prejudice that Defendants may suffer." Docket No. 63 at 6. Plaintiff notes that Rule 16(b)(4) allows for a scheduling order to be modified for "good cause." *Id.* at 2. The good cause standard does not focus on prejudice to the opposing party, but rather on the diligence of the party seeking to amend the scheduling order. *Id.*; *see also Sher v. Amica Mut. Ins. Co.*, 722 F. Supp. 3d 1176, 1181 (D. Colo. 2024). Thus, plaintiff argues that Judge Neureiter's order was clearly erroneous and contrary to law because it disregards the proper standard.[1]

---

[1] Plaintiff also claims that, after determining whether she made diligent efforts to meet the deadlines in the scheduling order, the Court must also analyze whether the proposed amendment to the scheduling order comports with Federal Rule of Civil Procedure 15. Docket No. 63 at 2. However, Rule 15 governs the standard for amending pleadings, not scheduling orders. *See* Fed. R. Civ. P. 15. Moreover, every case plaintiff cites in support of her argument deals with the amendment of pleadings, not scheduling orders. It would be improper to analyze the amendment of a scheduling order under Rule 15.

Docket No. 63 at 1.  The Court disagrees.  While Judge Neureiter's order includes a brief discussion of prejudice to the defendants, it is primarily based on the plaintiff's lack of diligence in meeting the scheduled deadlines.  Docket No. 62 at 5 ("The Court agrees with the Defendants that Plaintiffs have not demonstrated diligent efforts in meeting the scheduled deadlines for expert disclosures.  Therefore, there is no good cause to amend the scheduling order.").  Moreover, Judge Neureiter clearly laid out the proper standard for good cause in his decision, stating that "[t]he good cause requirement in Rule 16(b)(4) requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Id.* at 4 (citations omitted).  Thus, Judge Neureiter both explained and applied the proper standard when determining whether plaintiff demonstrated good cause under Rule 16(b)(4).

Plaintiff further argues that Judge Neureiter's order is erroneous and contrary to law because plaintiff did in fact act with diligence to meet the deadlines in the scheduling order.  Docket No. 63 at 2.  Plaintiff states that she diligently communicated with defendants, but failed to meet the deadlines due to a variety of obstacles.  *Id.* at 4-5.  Such obstacles included experts backing out after reviewing the material for the case, experts not responding to plaintiff's counsel, and experts suffering medical emergencies, traveling, and experiencing death in the family.  *Id.* at 4-6.  In addition, plaintiff claims that she intended to request another extension from the Court on August 18, 2025, but failed to do so due to an "administrative oversight."  *Id.* at 5.  Plaintiff asserts that these challenges prevented her from meeting the deadline despite her diligence.  *Id.* at 5-6.

4

However, "'magistrate judges possess broad discretion in resolving discovery matters . . .' such that 'a party seeking review of a magistrate judge's non-dispositive ruling faces a daunting standard of review.'" *Est. of. Borkovec by & through Bolt v. Turn Key Health Clinics, LLC*, No 24-cv-02679-PAB-SBP, 2025 WL 1735595, at *3 (D. Colo. June 23, 2025) (quoting *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1096 (D. Nev. 2022)). Here, plaintiff has not shown that Judge Neureiter abused his broad discretion. Judge Neureiter held a hearing on this matter where plaintiff was able to inform him of the various obstacles she faced. Docket No. 59. However, after considering plaintiff's position, Judge Neureiter was unconvinced that she acted diligently to meet his deadlines. Docket No. 62 at 5-6. He noted that plaintiff sought a fourteen-day extension of time for expert disclosures, completely missed the new deadline, and did not ask for a further extension until nearly a month later. *Id.* at 5. He acknowledged that the records in this case were voluminous, but pointed out that defendants had no trouble meeting the deadlines, and that plaintiff did not communicate with the Court about any unexpected issues she was facing. *Id.* Thus, because plaintiff let the deadline pass without taking any action whatsoever, Judge Neureiter was not persuaded that plaintiff was acting with diligence. *Id.* at 5-6. Importantly, "a Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014) (citation and internal quotations omitted). Moreover, while plaintiff claims that she did not file for another extension due only to an administrative oversight, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citation omitted). Accordingly, the Court is

5

convinced that Judge Neureiter based his order on ample facts and did not act erroneously or contrary to law.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff's Objection to Magistrate Judge's Order Denying Motion to Amend Scheduling Order [Docket No. 63] is **OVERRULED**.

DATED November 10, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge