IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-02726-PAB-NRN

JESSICA MURPHY, on her own behalf and as Administratix of deceased Estate of Abel Yohannes,

Plaintiff,

v.

CITY OF AURORA, a municipality,
BRADLEY JESIK, in his individual capacity as a City of Aurora Police Department Officer,
ERIC DUNSTON, in his individual capacity as a City of Aurora Police Department Officer, and
GARRETT STRODE, in his individual capacity as a City of Aurora Police Department Officer,

Defendants.

---

**ORDER**

---

This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment [Docket No. 75]. Plaintiff filed a response, Docket No. 85, and defendants filed a reply. Docket No. 86. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. UNDISPUTED FACTS[1]

Jessica Murphy filed this action on October 1, 2024, purportedly on her own behalf and as Administratix of the Estate of Abel Yohannes. Docket No. 1. Plaintiff's claims arise out of the October 1, 2022 fatal police shooting of Abel Yohannes. Docket

[1] The following facts are undisputed unless otherwise noted. Because the Court will not reach the merits of plaintiff's claims, the Court will not set forth facts related to the incident leading to Abel Yohanes's death.

No. 36 at 1-2. Plaintiff was not present for the October 1, 2022 shooting. Docket No. 75 at 4, ¶ 1. None of the defendants had met plaintiff or Mr. Yohannes prior to the shooting.[2] *Id.* Mr. Yohannes did not have a will, trust, or other legal instrument which would govern the disposition or administration of his estate. *Id.*, ¶ 4. Plaintiff did not have any biological children with Mr. Yohannes and Mr. Yohannes had not adopted any of plaintiff's children. *Id.*, ¶ 5. There are no legal documents establishing plaintiff as the legal representative of Mr. Yohannes's estate or establishing the formal legal existence of an estate. *Id.* at 4-5, ¶ 6. Plaintiff failed to respond to requests for admission regarding Mr. Yohannes's estate.[3] *Id.* at 5, ¶ 7; *see also* Docket No. 75-5 at 3.

On December 26, 2025, defendants filed a combined motion to dismiss for lack of subject matter jurisdiction and motion for summary judgment. Docket No. 75. On January 30, 2026, plaintiff filed a response, Docket No. 85, and on February 13, 2026, defendants filed a reply. Docket No. 86.

---

[2] Defendants cite the affidavits of Officers Strode, Dunston, and Jesik as support for this fact. Plaintiff denies the fact by arguing that defendants cannot establish an undisputed fact "based solely on the defendant officers' self-interested affidavits and without independent record support." Docket No. 85 at 3, ¶ 1. "[C]onclusory and self-serving statements, even if presented in an affidavit, are insufficient to create a genuine issue of fact to survive summary judgment." *Thomas v. U.S. Bureau of Prisons*, 282 F. App'x 701, 704 (10th Cir. 2008) (unpublished) (citations omitted). However, "an affidavit is certainly an appropriate vehicle to establish a fact for summary judgment purposes" so long as it "set[s] forth facts, not conclusory statements." *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d 1089, 1101 (10th Cir. 1999). Here, it is within the officer defendants' personal knowledge whether they met plaintiff or Mr. Yohannes. Because this fact is within their personal knowledge, the Court finds the affidavits sufficient to support this statement of fact. Plaintiff cites no evidence contradicting the assertion that defendants never met her or Mr. Yohannes before the October 1, 2022 shooting. Therefore, the Court deems this fact admitted.

[3] Plaintiff purports to deny this fact, but does not dispute that she failed to respond to the requests for admission. Docket No. 85 at 4, ¶ 7. Thus, the Court deems this fact to be admitted. *See* Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.iv; Fed. R. Civ. P. 56(c)(1).

## II. LEGAL STANDARD

### A. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A dismissal under Rule 12(b)(1) is not a judgment on the merits; rather, it is a determination that the court lacks jurisdiction to adjudicate the claim. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citation omitted). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Challenges to subject matter jurisdiction may take two forms – a facial attack or a factual attack – each with distinct analytical frameworks. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). A facial challenge focuses on the sufficiency of the allegations in the complaint. *Id.* In resolving a facial challenge, "the district court must accept the allegations in the complaint as true." *Id.* By contrast, a factual challenge allows a party to "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* (citation omitted). In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations." *Id.* (citation and quotations omitted); *see also Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225

(10th Cir. 2001) ("a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion").

**B. Summary Judgment**

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense. *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011). By contrast, where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that

there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS

In her second amended complaint, plaintiff brings claims under 42 U.S.C. § 1983 for wrongful death and for failure to train in violation of the Fourth and Fourteenth Amendment and a claim under § 1983 that defendants engaged in willful and wanton conduct. Docket No. 36 at 20-31, ¶¶ 103-183. In its September 3, 2025 order, the Court dismissed plaintiff's willful and wanton conduct claim and dismissed plaintiff's wrongful death and failure to train claims to the extent they were based on violations of the Fourteenth Amendment. Docket No. 56 at 13. Defendants now move to dismiss plaintiff's wrongful death and failure to train claims on the basis that plaintiff does not have standing[4] to bring this action. Docket No. 75 at 7-11. Specifically, defendants argue that plaintiff has no personal claim for violation of her rights and that she cannot bring a claim on behalf of Mr. Yohannes because she is not the personal representative of his estate. *Id.* In the alternative, defendants move for summary judgment on the merits of plaintiff's claims. *Id.* at 11-25.

---

[4] Both parties refer to defendants' argument as a "standing" argument. *See* Docket No. 75 at 10; Docket No. 85 at 6. However, at least one court has characterized defendants' argument as relating to capacity to sue under Federal Rule of Civil Procedure 17(b) rather than relating to standing. *See Hill v. Martinez*, 87 F. Supp. 2d 1115, 1122-23 (D. Colo. 2000). Nevertheless, because the parties treat this issue as one of standing, the Court will do the same. *See A.B., by Ybarra v. City of Woodland Park*, 174 F. Supp. 3d 1238, 1246 n.5 (D. Colo. 2016).

**A. Claims on Plaintiff's Own Behalf**

"When a § 1983 violation results in death, the Tenth Circuit permits a survival action by the estate of the deceased victim, but not a wrongful death action." *Est. of Blodgett v. Correct Care Sols., LLC*, No. 17-cv-2690-WJM-NRN, 2018 WL 6528109, at *7 (D. Colo. Dec. 12, 2018) (citing *Berry v. City of Muskogee, Okla.*, 900 F.2d 1489, 1506–07 (10th Cir. 1990)). "Therefore, the proper plaintiff is the decedent's estate . . . and not any heir or representative personally." *Id.* (citations omitted); *see also Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (stating that it is a "well-settled principle that a section 1983 claim must be based upon the violation of a plaintiff's personal rights, and not the rights of someone else.") (citations omitted). Plaintiff acknowledges that any claims brought on her own behalf require a violation of her personal rights, but states that she may sue "based on her own constitutionally protected interest in her relationship with Abel Yohannes, separate from any claims that would properly belong to Abel Yohannes's estate." Docket No. 85 at 6. It is true that the Tenth Circuit recognizes claims for deprivation of familial association.[5] *See Trujillo v. Bd. of Cnty. Comm'rs of Santa Fe Cnty.*, 768 F.2d 1186, 1188-89 (10th Cir. 1985). The problem, however, is that plaintiff did not bring such a claim.

Plaintiff states that she is not required to explicitly plead a claim so long as she pleads facts "sufficient to put the defendants on fair notice and establish a possibility for relief beyond mere speculation." Docket No. 85 at 7. But plaintiff points to no allegations in her complaint which would put defendants on notice that she was seeking

---

[5] Claims for deprivation of familial association are properly brought under the Fourteenth Amendment. *Griffin v. Strong*, 983 F.2d 1544, 1547 (10th Cir. 1993). The Court, however, in its September 3, 2025 order dismissed plaintiff's claims to the extent they were brought under the Fourteenth Amendment. Docket No. 56 at 13.

relief for deprivation of familial association. Therefore, the Court finds that plaintiff did not bring a claim for deprivation of familial association. Even if plaintiff did bring such a claim, however, the Court finds that it is subject to dismissal. Importantly, "an allegation of intent to interfere with a particular relationship protected by the freedom of intimate association is required to state a claim under section 1983." *Trujillo*, 768 F.2d at 1190. The complaint contains no allegation that defendants shot Mr. Yohannes with the intent of interfering with plaintiff's relationship with Mr. Yohannes. And it is implausible that defendants had this intent considering they had never met plaintiff or Mr. Yohannes prior to the shooting. Docket No. 75 at 4, ¶ 1. Plaintiff raises no argument to the contrary, but instead asserts generally that, "[w]hen officers choose to intentionally take a person's life, they necessarily act with awareness that such will extinguish that person's relationships with spouses, children, and family members." Docket No. 85 at 7. Plaintiff cites no authority in support of this proposition. Tenth Circuit caselaw provides contrary guidance, stating that any intent to deprive the decedent of his rights cannot be transferred to establish intent to deprive his family of their rights. *Trujillo*, 768 F.2d at 1190 ("Although the complaint alleges intent with respect to Richard's rights, this intent may not be transferred to establish intent to deprive his mother and sister of their constitutionally protected rights."). Accordingly, the Court finds that none of plaintiff's claims are reasonably interpreted to bring claims on plaintiff's behalf and, even if they are, such a claim would be subject to dismissal.

**B. <u>Claims on Behalf of Mr. Yohannes</u>**

Defendants argue that plaintiff cannot bring § 1983 claims on behalf of Mr. Yohannes because she is not the personal representative of Mr. Yohannes's estate. Docket No. 75 at 10. "Section 1983 remedies are 'to the party injured' . . . The estate

of a deceased victim must be the one to bring suit." *Harold v. Univ. of Colo. Hosp.*, 680 F. App'x 666, 673 (10th Cir. 2017) (unpublished) (citing *Berry*, 900 F.2d at 1506-07). Therefore, plaintiff may only bring § 1983 claims on behalf of Mr. Yohannes if she is the personal representative of his estate. But it is undisputed that there are no legal documents establishing that plaintiff is the personal representative of Mr. Yohannes's estate. Docket No. 75 at 4-5, ¶ 6. And plaintiff fails to raise a genuine issue of material fact that she is the personal representative. Accordingly, plaintiff cannot pursue the § 1983 claims.

Plaintiff asserts that she has authority to bring the § 1983 claims because she "has continuously acted as the uncontested de facto personal representative of the Estate" and because she has filed "an uncontested application for informal appointment . . . in Colorado probate court." Docket No. 85 at 7-8. As an initial matter, plaintiff has cited no evidence to support these assertions. But even if these assertions are true, they do not provide a basis for plaintiff to sue on behalf of the estate. "Without a valid appointment as personal representative by a court having jurisdiction over [the decedent's] estate/probate, the Plaintiff lacks standing in this matter." *Lemberg v. Tuuk*, No. 06-cv-00259-MSK-MEH, 2006 WL 1684663, at *4 (D. Colo. June 13, 2006). It is undisputed that no such appointment exists. Docket No. 75 at 4-5, ¶ 6. Therefore, plaintiff does not have the ability to pursue § 1983 claims on behalf of Mr. Yohannes's estate. *See Harold*, 680 F. App'x at 673 (rejecting plaintiff's claim that he does not need documents to be able to assert claims on behalf of his wife and holding that he must "show that he is the personal representative of her estate if he seeks to bring federal § 1983 claims on her behalf."); *A.B., by Ybarra*, 174 F. Supp. 3d at 1246 (holding that

the son of a man fatally shot by the police could not bring Fourth Amendment claims on his father's behalf because he was not the personal representative of his father's estate).

### C. Dismissal Without Prejudice

Defendants argue that this case should be dismissed with prejudice because plaintiff cannot cure any jurisdictional defects through amendment of the complaint and because any new claims would be time-barred. Docket No. 75 at 10. Plaintiff does not address this argument. *See* Docket No. 85 at 6-8. Dismissal on a 12(b)(1) motion should be without prejudice. *Brereton*, 434 F.3d at 1218. Defendants argue that dismissal with prejudice is appropriate if amendment of the complaint would be futile. Docket No. 75 at 10. However, the Tenth Circuit is clear that, even when "amendment would be futile, a jurisdictional defect calls for a dismissal without prejudice." *Brereton*, 434 F.3d at 1219. Therefore, the Court will dismiss this case without prejudice.[6]

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Summary Judgment [Docket No. 75] is **GRANTED**. It is further

---

[6] At least one court has found that it does not present a jurisdictional issue when a party is unable to pursue a claim on behalf of a decedent's estate because the party is not the personal representative of the estate. *Hill*, 87 F. Supp. 2d at 1121-22. However, no party in this case makes that argument, and the Court need not decide this issue because it is irrelevant to the outcome of the case.

**ORDERED** that plaintiff Jessica Murphy's first and second claims for relief are **DISMISSED without prejudice** to the extent they are based on violations of the Fourth Amendment.[7] It is further

**ORDERED** that this case is closed.

DATED August 18, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[7] In its September 3, 2025 order, the Court dismissed plaintiff's first and second claims for relief with prejudice to the extent they were based on violations of the Fourteenth Amendment. Docket No. 56 at 13 n.6.